{¶ 20} While sympathetic with appellant's health issues, I respectfully dissent.
 {¶ 21} The majority opinion fails to acknowledge the "extremely deferential standard of review" that we must apply when reviewing the factual determinations of the trial court. State ex rel. Pizza v. Strope
(1990), 54 Ohio St.3d 41, 46. That standard provides: "Judgments supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConst. Co. (1978), 54 Ohio St.2d 279, at syllabus. In exercising this "limited prerogative of reversing a judgment as being against the manifest weight of the evidence * * * it is * * * important that * * * a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.
 {¶ 22} The majority's opinion does not exhibit the deference that should be accorded the lower court's findings. The magistrate correctly found that appellant's communications with appellee concerning her intent to vacate (1) did not adequately provide notice that appellant had a handicap that required accommodation prior to January 9, 2002, and (2) were insufficient to put appellee on notice that appellant's condition was such that investigation was required. The trial judge below accepted these findings by overruling appellant's objections with one financial exception. The lower court's factual rulings are supported by credible evidence in the record. There is no reason for this court to reject the lower court's findings or substitute its own interpretation of appellant's evidence.
 {¶ 23} While the majority places great weight on appellant's oral communications, the testimony regarding these communications is neither clear nor certain. Appellant is the only witness as to what was actually communicated to appellee.[4] According to appellant's own testimony, she was "pretty forgetful at the time" and she did not think she was good "as far as remembering things." Appellant testified that she told appellee "why" she wanted another apartment and that she told appellee that she had seen a doctor, but the details of these communications are not described. Appellant failed to indicate that her condition had anything to do with the apartment at issue. The most that can be said with certainty is that appellant informed appellee that she was "having problems" and that she wanted a "bigger apartment." From this meager record, the majority concludes, contra the determination of the factfinder, that appellee knew or should have known that appellant suffered from a "physical or mental impairment which substantially limits one or more of [appellant's] major life activities." 42 U.S.C. 3602(h)(1).
 {¶ 24} The lower court, which was in a better position to determine credibility, found those communications to be "insufficient to provide notice" to appellant of appellee's handicap. That determination is supported by competent and credible evidence and should be respected. Appellant's first assignment of error is without merit.
 {¶ 25} Since appellee was not given adequate notice that appellant was under a handicap, appellee was under no obligation to offer appellant an accommodation and, therefore, under no duty to mitigate its damages. Moreover, the duty to mitigate does not arise until after appellant breached the lease. The majority's opinion essentially penalizes appellee for not mitigating damages before damages even existed. Accordingly, the trial court's determination that appellee made reasonable efforts to mitigate its damages should be affirmed.
 {¶ 26} Appellant's second assignment also lacks merit.
 {¶ 27} For these reasons, the decision of the Willoughby Municipal Court should be affirmed.
[4] Appellee denied that appellant ever requested a larger apartment. Nor do the written communications from appellant to appellee evidence that a request to transfer to a larger apartment was ever made.